**NOT FOR PUBLICATION** **[24, 25]**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BONNIE O'BRIEN MESSLER, | : | |
| Plaintiff, | : | Civil Action No. 3:09-cv-4434 |
| v. | : | |
| | : | **OPINION** |
| WAKEFERN FOOD CORPORATION, d/b/a SHOPRITE, and LOCAL 863 of NORTHERN NEW JERSEY Affiliated with I.B.T.C.W. & H OF AMERICA | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court are unopposed motions for summary judgment by Defendants Wakefern Food Corp. ("Wakefern") and IBT Local 863 ("Local 863") (collectively referred to as "Defendants"). Defendants' motions arise out of a Complaint by Plaintiff Bonnie O'Brien Messler ("Plaintifff") alleging, inter alia, that Wakefern failed to accommodate her disability under the New Jersey Law Against Discrimination ("NJLAD") and that she was terminated in violation of the Family and Medical Leave Act ("FMLA"). In addition, Plaintiff alleges that her union, Defendant Local 863, failed to provide her with effective and adequate representation during the termination proceedings. For the reasons set forth below, Defendants' motions are GRANTED.

**I. DISCUSSION**

Initially, the court notes that despite being represented by counsel throughout these proceedings, Plaintiff has entirely failed to respond to Defendants' motions for summary judgment and to correspondence from the Court.  Indeed, the record indicates that on November 5, 2010, Defendants filed the instant motions for summary judgment.  Thus, pursuant to Local Civ. R. 78.1(a), Plaintiff's response was due on or before November 22, 2010.  Plaintiff, however, did not file a response within the time provided by the Local Rules.  As a result, on November 30, 2010, this Court placed a phone call to counsel for Plaintiff to inquire about opposition to Defendants' motions.  The phone call from the Court was not returned.  Subsequently, on December 1, 2010, the Court wrote a letter to counsel for Plaintiff advising that Plaintiff's opposition to the pending motions was due on or before November 22, 2010 and that because no opposition had been filed, the Court would consider Defendants' motions to be unopposed.  Plaintiff's counsel did not respond to the letter or otherwise respond to Defendants' motions.  At this juncture, more than five months after Plaintiff's response was due, Plaintiff has not filed anything to oppose Defendants' motions.

Although the disposition of a motion ordinarily requires a merits analysis, it is well established that where "a party represented by counsel fails to oppose a motion . . . the district court may treat the motion as unopposed and subject to dismissal without a merits analysis." Hollister v. United States Postal Serv., 142 Fed. Appx. 576, 577 (3d Cir. 2005)(citing Stackhouse v. Mazurkiewicz, 951 F. 2d 29, 30 (3d Cir. 1992).  Indeed, as recently as March 2011, the Third Circuit explained that the dismissal of a motion without any substantive analysis may be appropriate where a party has willfully failed to respond to the motion especially when "the party is represented by counsel or failed to comply with a court's order." Brown v. Diguglielmo, 2011 WL 944418, at *2 (3d Cir. March 21, 2011)(citing Stackhouse, 951 F.2d at 30).  As discussed

above, in the instant matter, Plaintiff has been represented by counsel throughout the proceedings. Despite this representation, Plaintiff failed to respond to Defendants' motions and to correspondence – both telephonic and written – from the Court. Because Plaintiff has failed to oppose Defendants' motions, the Court will grant summary judgment in favor of Defendants.

II. CONCLUSION

      For the foregoing reasons, Defendants' motions for summary judgment are GRANTED and this case is DISMISSED.

Dated: May 12, 2011                                              /s/ Freda L. Wolfson
                                                                                                  Fred L. Wolfson, U.S.D.J.